UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

Plaintiff,

v.

DE GUIA et al.,

Defendants.

Case No. C07-5667BHS/JKA

REPORT AND RECOMMENDATION TO DENY DEFENDANT PIERCE COUNTY SHERIFF'S MOTION TO DISMISS FOR LACK OF SERVICE AND GRANT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**NOTED FOR:**

**FEBRUARY 29, 2008**

This Civil Rights/Bivens action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The action was removed from Pierce County Superior Court by the Federal Defendants. The defendants in this action fall into in three groups, Federal Defendants, employees of the corporation running the Northwest Detention Center, and the Pierce County Sheriff and employees of the Sheriff. The employees of the Northwest Detention Center have entered into a stipulated settlement in all of Mr. Marks cases (Dkt. # 15 and 17).

Plaintiff titles his action as a civil action and indicates he brings the claim for denial of due process

under the Fourth and Fifth Amendments to the United States Constitution (Dkt # 1). Before the court is defendant Pierce County Sheriff's motion to dismiss (Dkt # 8). The plaintiff has responded (Dkt # 14).

FACTS

Defendant, the Pierce County Sheriff, argues he was not personally served with a copy of the complaint and summons (Dkt # 8). He also submits documents regarding service and he challenges the complaint for failure to state a claim. The facts underlying the complaint and nature of the allegations against the Sheriff's office are germane to the court's resolution of this motion.

Plaintiff alleges that while he was housed at the Northwest Detention Center on a deportation matter he was transferred to the Pierce County Jail based on a California detainer or warrant. The State of California did not extradite plaintiff and he was returned to the Northwest Detention Center where deportation proceedings were recommenced.

Plaintiff alleges he was denied his Constitutional rights when the Pierce County Jail transferred him back to the Northwest Detention Center. He contends that the Northwest Detention Center needed to have a warrant or detainer in place and that without a warrant or detainer the Pierce County Jail should have released him when the California State detainer or warrant was no longer in place.

As the court's jurisdiction has been challenged, the court will address that issue first.

DISCUSSION

1. Jurisdiction.

Federal Rule of Civil Procedure 4 (m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the Court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736

F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

In the Superior Court, plaintiff was granted *in forma pauperis* status on October 23, 2007 (Dkt. # 1, page 31). Plaintiff contends that this order also ordered the Pierce County Sheriff's Office to serve the summons and complaint on the parties. Neither party has placed a copy of this order into the record in this case. As the document in question is not a record from this court, the court cannot take judicial notice of the contents of the document. The record before this court reflects plaintiff was granted leave to proceed *in forma pauperis.* This grant waives the filing fee and places the burden of serving process on the court and law enforcement.

Also in the record is a copy of the front page of the complaint. This document was placed in the record by counsel for the Pierce County Sheriff, Patrick Cooper (Dkt # 10, exhibit 1). The document shows the complaint was filed in the Pierce County Clerk's Office October 23, 2007. On November 2, 2007, the document was forwarded to the Prosecuting Attorney's Office and forwarded to the "Sheriff." Finally, on November 2, 2007, the document was received by Pierce County Risk Management.

On December 11, 2007, the Pierce County Sheriff filed this motion to dismiss for lack of service and failure to state a claim (Dkt # 8, 9, and 10). The first issue is whether the party that had to be served personally received actual notice. There can be no serious contention that the Sheriff did not receive actual notice of this action. The November 2, 2007, stamp on the face of the complaint placed into the record by defendant's counsel shows the document was forwarded to the Prosecutor's Office and the Sheriff (Dkt # 10, exhibit 1). Further, counsel appeared and filed this motion on December 11, 2007 (Dkt # 8).

The second issue is whether the defendant would suffer any prejudice from the alleged defect in service. There is no prejudice to this defendant. The defendant should have been aware of this action since November 2007. Further, the 120 days allowed for service under Fed. R. Civ. P 4 (m) does not expire until February 20, 2008. The court wishes to impress on the defendant and counsel that where a defendant has actual notice of the action before the passage of the 120-day time frame there is no

prejudice. This is true, even if the motion to dismiss is made after the 120-days allowed for service have passed.

The third issue is whether there is justification for failure to serve. Plaintiff was granted leave to proceed *in forma pauperis.* The duty to serve this action is not his. Plaintiff cannot and will not be faulted for any defect in service in this case. Further, plaintiff contends the Pierce County Sheriff was ordered by the Superior Court to perform service, yet, as plaintiff notes, this is the very entity contesting lack of personal service. Defendant's argument is not well taken.

The only factor weighing against the plaintiff is that he will not be prejudiced by dismissal for lack of service. As noted below, this action collaterally challenges plaintiff's current detainment and cannot proceed except as a habeas corpus action. The court should decline to dismiss this action for lack of service. In a separate order this court will further address this issue.

2. Motion to dismiss for failure to state a claim.

Defendant argues there is no possible claim against him based on the facts. Plaintiff was in custody at the Northwest Detention Center on an immigration matter when a California extradition warrant came to light. He was brought to the Pierce County Jail on that extradition warrant (Dkt # 8, page 3). Charges filed on March 24, 2006 were dismissed April 11, 2006. The Pierce County Sheriff released plaintiff back to the Northwest Detention Center. The plaintiff is claiming his release back to the Northwest Detention Center violated his constitutional rights and that he should have been released from custody. Plaintiff is challenging the propriety or legality of his current confinement.

When a person is challenging the very fact or duration of his physical confinement, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

This action fails to state a claim and should be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 29, 2008**, as noted in the caption.

DATED this 29 day of January, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge